

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. C. Hooser
County Attorney
Howard County
Big Springs, Texas

Dear Sir:

Opinion No. O-6364
Re: The authority of the county
clerk to issue new petition
blanks asking for a prohibi-
tion election when the orig-
inal petition blanks were
either lost or destroyed.

Your recent letter to this department presents the following facts:

"A man secured a number of petition blanks, asking a prohibition election to be signed by a per cent of electors, same to be presented to the commissioner's court, ordering a prohibition election. Said party secured twenty petition blanks and he now returns to the county clerk's office and claims that fifteen of the petitions have been destroyed.

"The petitions, as secured by said party, are numbered as required."

You ask this department's opinion on the following questions:

1. The clerk's authority to issue new blanks.

2. If issued, what numbers shall the clerk give the new blanks.

3. Do all petition blanks have to be accounted for?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. C. Hooser, Page 2

4. Should the party making the application for petition blanks be required to make an affidavit stating what became of the mutilated petition blanks.

Penal Code, 1925, as amended, Article 666, section 32, amended Acts of 1943, 48th Legislature, page 509, Chapter 325, paragraph 7, deals with local option elections and among other things provides that:

"* * * Upon the application of any one or more qualified voters of any county, justice precinct, or incorporated town or city, the county clerk of such county shall issue to the applicant or applicants a petition to be circulated among the qualified voters thereof for the signatures of those qualified voters in such area who desire that a local option election be called therein for the purpose of determining whether the sale of alcoholic beverages of one or more of the various types and alcoholic content shall be prohibited or legalized within the prescribed limits of such county, justice precinct or incorporated town or city. The petition so issued shall clearly state the issue or issues to be voted upon in such election; each such petition shall show the date of its issue by the county clerk and shall be serially numbered, and each page of such petition shall bear the same date and serial number, and shall bear the seal of the county clerk. The county clerk shall deliver as many copies of said petition as may be required by the applicant and each copy shall bear the date, number and seal on each page as required in the original. The county clerk shall keep a copy of each such petition and a record of the applicants therefor. * * *"

It is well to bear in mind that it is the petition that confers upon the commissioners' court the jurisdiction to order an election and that the commissioners' court is a court of record. Powell v. Bond (Waco Court of Civil Appeals, 1941) 150 S. W. (2) 337. Thus, a petition in a local option election is analogous to a pleading in a law suit and that the protective and precautionary measures in the above statute is to see that the election issue be accurately presented and

Honorable H. C. Hooser, Page 3

to prevent fraud and imposition upon the commissioners' court and people in calling and conducting an election. It is, therefore, our opinion that officials should and can adopt any means they think proper to prevent fraud in the calling and conducting of a local option election.

Our statutes provide for the substitution of lost records and papers (R.C.P. 77) and the courts have held that this remedy is not exclusive but accumulative and that any other method can be substituted that would bring about the same result, i.e. supply such lost records or papers. The courts have further held that a party desiring to supply such lost papers should make affidavit of the loss or destruction of the papers he seeks to reproduce. Houston v. Blythe, 60 Tex. 506; Hayden v. Dunaway, 29 S. W. 529; Strohmeyer v. Wing, 77 S. W. 977.

We therefore answer your questions as follows:

1. The county clerk is authorized to issue new petition blanks.

2. New numbered blanks should be given to the party. To illustrate; if the twenty (20) petition blanks were numbered one to twenty, inclusive, and fifteen of them had been destroyed, then the fifteen new blanks should be numbered, twenty-one, twenty-two, etc., up to and including thirty-five.

3. It is our opinion that all petition blanks should be accounted for and it is suggested that the record or stub of the fifteen lost blanks should show that these petitions so numbered have been destroyed and that in lieu thereof the new numbered petitions have been handed to the applicant.

4. As a precautionary measure it is suggested that the party making the application for these petition blanks should make an affidavit showing what became of the mutilated petition blanks; or that they have been lost.

Honorable H. C. Hooser, Page 4

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

David Wuntoh
Assistant

DW:mp

APPROVED JAN 5, 1945

ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN